UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IN RE THE APPLICATION OF:

**ADRIANA JOHANNA VISSER**,

    Petitioner,

    v.                                                   CIVIL NO. 05-127 MCA/LFG

**JOHN BERNHARD LINDBLOOM**,

    Respondent.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR RETURN OF CHILD

**THIS MATTER** comes before the Court following an evidentiary hearing held March 4, 2005 pursuant to notice of hearing given to the parties. Petitioner appeared with counsel and Respondent appeared *pro se*.

**BACKGROUND**

On February 7, 2005, Petitioner, Adriana Johanna Visser, filed a *Petition for Return of Child to Petitioner* and *Motion for Warrant in Lieu of Writ of Habeas Corpus*, in which she alleged that her minor child, Megan Angelina Adriana Lindbloom, was not returned to her habitual residence in the Netherlands following a visit with the child's father, the Respondent, in New Mexico. On February 9, 2005, Petitioner filed a *Supplemental Affidavit to Petition for Return of Child*. The Court convened a hearing on February 18, 2005.

Petitioner appeared in person and through counsel.  Respondent, John Bernhard Lindbloom, did not appear.  The Court was advised by the United States Marshal's office that service of the Court's Warrant issued February 10, 2005 was attempted to be made upon Respondent on February 11, 2005 at Respondent's last known place of residence,1620 Blanda Court, Belen, New Mexico, but that Respondent was not located at that address when service was attempted.  Service was made upon Respondent's niece, a person over the age of fifteen (15) years and residing at that address.

On February 18, 2005, the Court issued an Order directing both Petitioner and Respondent to appear for an initial hearing on Tuesday, February 22, 2005.  Respondent was instructed to bring the child to the initial hearing.  Petitioner appeared at the initial hearing in person and through counsel.  Neither Respondent nor the child appeared.  On February 22, 2005, the Court issued a bench warrant for the arrest of Respondent.  The child was seized and Respondent arrested in the early morning hours of Friday, February 25, 2005.  An  initial hearing was held the next judicial day, Monday, February 28, 2005.  Petitioner appeared in person and through counsel and Respondent appeared with counsel, Richard Winterbottom.  An evidentiary hearing was held March 4, 2005.  At the evidentiary hearing, Petitioner appeared in person and through counsel and Respondent appeared *pro se*.

**FINDINGS OF FACT**

1. This court has jurisdiction over the parties and the subject matter herein.
2. Petitioner Adriana Johanna Visser is a Dutch citizen who, at all material times, has resided and continues to reside in the vicinity of Rotterdam, the Kingdom

of the Netherlands ("the Netherlands"). [March 4, 2005 testimony of Adriana Johanna Visser].

3. Respondent John Bernhard Lindbloom is a United States citizen who resided in the Netherlands for approximately eighteen (18) years, from approximately 1986 until his return to the United States in 2004. [Mar. 4, 2005 testimony of John Bernhard Lindbloom].

4. Petitioner and Respondent were married in the Netherlands in 2001. They were divorced in the Netherlands in 2004 by virtue of a Divorce Decree entered in the Rotterdam District Court, Fifth Section for Civil Matters. The Divorce Decree incorporated the terms and conditions of a Divorce Agreement entered into by the parties. [Exh. A].

5. Respondent moved back from the Netherlands to the United States in 2004. [Lindbloom].

6. The parties have one child together, Megan Angelina Adriana Lindbloom ("Megan"), born June 5, 2001 in Rotterdam, the Netherlands. [Exh. A].

7. The Divorce Decree, including the incorporated Divorce Agreement, provides that Megan's habitual residence is to be the Netherlands. [Exh. A].

8. At the time the parties finalized their divorce, both parties were given what could best be characterized as joint legal custody of Megan. [Exh. B].

9. Petitioner received what could best be characterized as primary physical custody of Megan. In this regard, Petitioner was authorized to make all day-

    to-day decisions concerning Megan, such as the choice of Megan's school and general medical care. Respondent granted Petitioner power of attorney for such decisions. [Exh. B].

10.  By the terms of the Divorce Agreement, Petitioner agreed to inform Respondent in writing six (6) times each year, every two (2) months, as to how Megan was progressing, enclosing photographs if necessary. Respondent agreed to inform Petitioner of his place of residence in the United States and his contactability there. [Exh. B].

11.  By the terms of the Divorce Agreement, Respondent was allowed to have Megan with him for a period of five (5) consecutive weeks each summer. Respondent was to pick up Megan in the Netherlands and return her to the Netherlands. This arrangement was to become effective in the summer of 2005. [Exh. B].

12.  By the terms of the Divorce Agreement, Respondent would be permitted more frequent access to Megan if his financial and practical situations so allowed and the parties mutually agreed to such an arrangement, culminating in Megan's travel to the United States in November 2004. [Exh. B].

13.  The parties agreed that Respondent would bring Megan to the United States from November 1, 2004 until approximately November 29, 2004. [Visser; Lindbloom].

14.  Megan was confirmed on Continental Airlines flight CO 47 from Amsterdam

to Houston, Texas, and flight CO 507 from Houston, Texas to Phoenix, Arizona on November 1, 2004 with a return trip confirmed on flight CO 1286 from Phoenix, Arizona to Houston, Texas, and flight CO 46 from Houston, Texas to Amsterdam on November 29, 2004.  [Exh. D].

15. Megan came to the United States with Respondent on November 1, 2004. [Visser].

16. On or about February 7, 2005, Petitioner began proceedings pursuant to the Hague Convention for the return of Megan from the United States to the Netherlands by filing a *Petition for Return of Child to the Petitioner*.

17. Petitioner has established by a preponderance of the evidence that from the time of her departure to the United States on November 1, 2004 until the time of hearing in this matter on March 4, 2005, Megan's habitual residence remained the Netherlands.

18. Petitioner has established by a preponderance of the evidence that at the time Megan came to visit Respondent in November of 2004, Petitioner was the primary caretaker of Megan and Petitioner was exercising her custodial rights over Megan under Dutch law as well as under the Hague Convention.

19. By e-mail dated November 24, 2004, Respondent informed Petitioner that he had canceled Megan's return flight.  [Exh. E].

20. Respondent made a unilateral decision not to return Megan at the end of her visit in November.  [Lindbloom].

21. Petitioner has established by a preponderance of the evidence that Megan's retention by Respondent was unlawful.

22. Petitioner made numerous unsuccessful attempts to convince Respondent to return Megan to the Netherlands. [Visser].

23. At no time did Petitioner consent or acquiesce to Megan's remaining in the United States.

24. Respondent's refusal to return Megan to Petitioner on November 29, 2004 and his retention of her from that date to the present constitute a breach of Petitioner's rights under the law of the Netherlands.

25. The Court conducted an *in camera* interview of Megan and determined that because of her young age, Megan lacks the capacity to articulate a meaningful decision as to with whom or where she prefers to reside.

26. Respondent did not establish any of the affirmative defenses referenced in 42 U.S.C. §11603(e)(2).

**The Court Concludes As a Matter of Law That**

A. The United States District Court for the District of New Mexico has jurisdiction over this case under the Hague Convention and the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601 *et seq.*, which is the congressional legislation implementing the Hague Convention.

B. The United States and the Netherlands are both signatory nations to the Hague Convention.

    C.     The Netherlands was and is the habitual residence of the child, Megan Angelina Adriana Lindbloom.

    D.     At the time Megan came to visit Respondent in November of 2004, Petitioner was the primary caretaker of Megan and Petitioner was exercising her custodial rights over Megan under Dutch law as well as under the Hague Convention.

    E.     From the foregoing Findings, the Court further concludes that Petitioner has established by a preponderance of the evidence that the retention of Megan by Respondent by preventing her return to the Netherlands in November of 2004 and his continued retention of her since then was wrongful and in breach of Petitioner's custody rights under Dutch law and the Hague Convention.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that the *Petition for Return of Child to the Petitioner* [Doc. 1] is GRANTED.

**IT IS FURTHER ORDERED** that, within 10 days from entry of this Order and pursuant to D.N.M. LR-Civ. 54.5, counsel for Petitioner shall submit a Motion for Award of Attorneys' Fees;

**IT IS FURTHER ORDERED** that, within 10 days from entry of this Order and pursuant to D.N.M. LR-Civ. 54.1, counsel for Petitioner shall submit a Motion to Tax Costs;

**IT IS FURTHER ORDERED** that the *Order of Protection* [Doc. 17], filed February 28, 2005 is hereby DISSOLVED;

**IT IS FURTHER ORDERED** that the bench warrant issued for the arrest of John Bernhard Lindbloom, filed February 22, 2005 is hereby QUASHED.

**SO ORDERED** this 7th day of March, 2005, in Albuquerque, New Mexico.

                                              **M. CHRISTINA ARMIJO**
                                              **UNITED  STATES  DISTRICT  JUDGE**