IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE THE APPLICATION OF:

**ADRIANA JOHANNA VISSER**,

    Petitioner,

v.

                                                   **CIVIL NO. 05-127 MCA/LFG**

**JOHN BERNHARD LINDBLOOM**,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Petitioner's *Motion for Attorney's Fees* [Doc. 28], filed March 17, 2005. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants the motion in part and denies the motion in part and awards attorneys' fees in the amount of $7,500.

## I. BACKGROUND

On February 7, 2005, Petitioner Adriana Johanna Visser initiated proceedings in this matter brought pursuant to the Hague Convention by filing her *Petition for Return of the Child to Petitioner* [Doc. 1]. Petitioner alleged that Respondent John Bernhard Lindbloom, the minor child's father, failed to return the child to her habitual residence in the Netherlands at the conclusion of a vacation spent with Respondent in the United States. [See generally

Doc. 1]. Following an evidentiary hearing held March 4, 2005, this Court found that Respondent's retention of the child was wrongful and ordered the return of the child to Petitioner. [See Doc. 22 at 7]. Counsel for Petitioner thereafter filed their *Motion for Attorney's Fees* pursuant to 42 U.S.C. § 11607 (b)(3) seeking total attorneys' fees in the amount of $24,676.33. While the attached Certificate of Service indicates that the *Motion* was served on Respondent at two locations, Respondent has not submitted objections to the request for fees or otherwise filed a responsive pleading. [See Dkt. in case no. 05cv127]. At the March 4, 2005 evidentiary hearing held on the petition for return of the child, however, Respondent stated that he did not believe that he should be held responsible for any amounts exceeding the flat fee agreed to between Petitioner and her attorneys. [Tr. of March 4, 2005 evidentiary hearing; see also Doc. 28, Exh. A at 2, ¶ 4 ("Petitioner agreed to pay . . . a flat fee of $7,500, including fees and costs . . . .")].

## II. ANALYSIS

Section 11607(b)(3) of the International Child Abduction Remedies Act (ICARA) provides as follows:

> Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

42 U.S.C. § 11607 (b)(3). In determining what is a reasonable amount of attorneys' fees,

courts generally follow the "lodestar" approach. Freier v. Freier, 985 F.Supp. 710, 712 (E.D.Mich.,1997) (*citing* Hensley v. Eckerhart, 461 U.S. 424 (1983)). Under this approach, the Court should multiply the number of hours reasonably expended on the litigation by the reasonable hourly rate. The reasonableness of the rates is a function of the geographic area and the level of expertise of the attorney. Distler v. Distler, 26 F.Supp.2d 723, 727 (D.N.J. 1998) (in New Jersey ICARA case, awarding attorneys' fees at the rate of $350 per hour for more experienced attorney and $200 per hour for fourth year associate). While there is a strong presumption that the lodestar figure represents a reasonable fee, other considerations may lead the Court to adjust the fee upward or downward. For example, hours claimed by counsel need not be automatically accepted by the Court but may be cut for duplication, padding, or frivolous claims. Freier, 985 F.Supp. at 712. The Court "must base its decision on the affidavits of counsel along with supporting documents including an accurate summary of contemporaneous time records with dates, number of hours expended, by whom, and a specific explanation of the action taken." Id.

Counsel in this case have submitted an 11-page detailed invoice summarizing the hours spent and the tasks performed in this matter. See Ramos v. Lamm, 713 F.2d 546, 553 (10th Cir. 1983) (requiring attorneys seeking fees to keep meticulous, contemporaneous time records revealing, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks). The Tenth Circuit has explained that

> [i]n determining what is a reasonable time in which to perform

> a given task or to prosecute the litigation as a whole, the court should consider that what is reasonable in a particular case can depend upon factors such as the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side.

Id. at 554.

In the present case, counsel has acknowledged both at the evidentiary hearing and in her affidavit in support of her motion for attorneys' fees that she and Petitioner agreed to a flat fee of $7,500.  [[Tr. of March 4, 2005 evidentiary hearing; see also Doc. 28, Exh. A at 2, ¶ 4 ("Petitioner agreed to pay . . . a flat fee of $7,500, including fees and costs . . . .")]. While counsel submits that "[r]espondent should pay for attorney's fees at [counsel's] regular standard hourly rate for all attorney's fees accrued[,]" counsels fail to explain why this should be the case. [See Doc. 28, Exh. A at 2].  "[H]ours that are not properly billed to one's client are not properly billed to one's adversary." Mann v. Reynolds, 46 F.3d 1055, 1063 (10th Cir. 1995) (quotations omitted).  Additionally, at the evidentiary hearing, Respondent, while conceding liability for some of Petitioner's fees and costs, specifically challenged any assertion that he should be made to pay any amounts exceeding the flat fee agreed to by Petitioner and her attorneys. [Tr. of Mar. 4, 2005 evid. hearing].

Counsel's invoice reflects that a considerable amount of time was spent preparing documents relating to the *Petition for Return of the Child to Petitioner*, such as the *Motion for a Warrant in Lieu of a Writ of Habeas Corpus.* [See Doc. 28, Exh. B, 1/25/2005, 1/26/2005, 2/4/2005, and 2/8/2005 entries]. On its own, however, the *Motion*, [Doc. 2], was not particularly helpful to the Court, which is why the Court required counsel to submit a

*Supplemental Affidavit to Petition for Return of Child*, and held a hearing on the matter. [See Docs. 4, 5]. The invoice also reflects that fees are claimed for time spent on matters that are only vaguely described, such as time spent on telephone calls "regarding the status of the matter." [See Doc. 28, Exh. B, 2/10/2005, 2/11/2005, and 2/14/2005 entries]. The Tenth Circuit has held that fees for such activities are properly denied. Praseuth v. Rubbermaid, Inc., 2005 WL 1112085 (10th Cir. 2005) (affirming district court's reduction in attorneys' fees where hours were spent, among other things, "to discuss case and update" and "to discuss status"). Moreover, counsel's invoice reflects that Respondent's whereabouts were known to counsel as early as February 11, 2005. [ See Doc. 28, Exh. B, 2/11/2005 entry, "Telephone conference with Tom at 8:45 whereby he indicated that the Marshals found [Respondent] in El Paso. . . ."]. Because of Petitioner's interference with the Marshals' efforts to secure the child, as well as Petitioner's change of position with respect to the *Petition*, however, the Marshals Service did not take custody of the child until approximately February 25, 2005. Indeed, at the hearing held February 18, 2005, the Court warned Petitioner that she risked being held in contempt of court if she made any further direct contact with the Marshals Service or interfered with the Marshals' efforts to locate and secure the child. [See Doc. 10]. Accordingly, the Court questions the necessity and reasonableness of hours spent on this case after February 11, 2005. See Freier, 985 F.Supp. at 712 (claimed hours may be cut for duplication, padding, or frivolous claims).

## III. CONCLUSION

Because it is undisputed that Petitioner and counsel agreed to a flat fee of $7,500 in

5

this case, the Court concludes that attorneys' fees should be limited to that amount. Fees also are reduced to $7,500 in light of the Court's findings that not all hours claimed were reasonable and necessary to the prosecution of this matter. See Ramos, 713 F.2d at 554. The *Motion for Attorney's Fees* is therefore granted in part and denied in part.

**IT IS, THEREFORE, ORDERED** that the *Motion for Attorney's Fees* [Doc. 28] is GRANTED IN PART and DENIED IN PART and that attorneys' fees in the total amount of $7,500 are awarded.

**SO ORDERED** this 23rd day of May, 2005, in Albuquerque, New Mexico.

                                                      **M. CHRISTINA ARMIJO**
                                                      United States District Judge